18-1283-cv
Clemens v. Moody's Analytics, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand nineteen.

PRESENT:  GUIDO CALABRESI,
          RAYMOND J. LOHIER, JR.,
          RICHARD J. SULLIVAN,
                    *Circuit Judges*.

------------------------------------------------------------------

GREGORY CLEMENS,

          *Plaintiff-Appellant*,

     v.                                        No. 18-1283-cv

MOODY'S ANALYTICS, INC.,

          *Defendant-Appellee*.

------------------------------------------------------------------

FOR APPELLANT:                    DAVID N. MAIR, Kaiser
                                  Sauborn & Mair, P.C., New
                                  York, NY.

FOR APPELLEE: KENNETH J. TURNBULL, Morgan, Lewis & Bockius LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

Gregory Clemens appeals from a judgment of the District Court (Crotty, J.) dismissing his claims against Moody's Analytics, Inc., for retaliation and interference with his rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., breach of contract, and violation of New York Labor Law Section 191. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

On appeal, Clemens argues that: (1) he was entitled to a trial on his FMLA retaliation claim; (2) Moody's prorating of payments to him under the 2015 Incentive Compensation Plan (the "Plan") interfered with his rights under the

2

FMLA; (3) Moody's reduction of Clemens's contribution units under the Plan breached Moody's contract with Clemens; and (4) payments under the Plan were "wages" protected by the New York Labor Law.

As an initial matter, the parties agree that the three-step framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to Clemens's FMLA retaliation claim. See Graziadio v. Culinary Inst. of Am., 817 F.3d 415, 429 n.7 (2d Cir. 2016). Under that framework, (1) a plaintiff must first establish a prima facie case of FMLA retaliation; (2) if the plaintiff does so, "the defendant must [then] demonstrate a legitimate, non-discriminatory reason for its actions"; and, finally, if the defendant does so, (3) "the plaintiff must then show that defendant's proffered explanation is pretextual." Id. at 429. "In short," at step three, "the question becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000). Even assuming arguendo that Clemens established a prima facie case, we conclude that Clemens's claim nevertheless fails at the third McDonnell step because he did not "produce[] evidence that would permit a reasonable factfinder to conclude that" the removal of Clemens's

3

contribution units and his termination were in fact motivated by retaliation.

Widomski v. State Univ. of N.Y. (SUNY) at Orange, 748 F.3d 471, 476 (2d Cir. 2014); see also Graziadio, 817 F.3d at 429–31.

First, Clemens claims that his manager, David Little, deviated from his ordinary practice of meeting with employees before deducting the contribution units. But the undisputed record evidence shows that Little met with Clemens before he acted to remove the contested units. Nor has Clemens produced any evidence that the remaining statements Little made to the Moody's investigators were motivated by retaliatory animus. We note, too, that Clemens testified that he did not think he was discriminated against because he asked for a leave of absence under the FMLA. Clemens contends that this testimony has been taken out of context; but even if the testimony is disregarded, Clemens failed to produce any evidence that Little's actions were motivated by retaliation as opposed to a legitimate skepticism of the units claimed by Clemens in light of his reduced working hours and Little's own personal knowledge of Clemens's work activities during that time period. For these reasons, the District Court correctly determined that Clemens failed to produce evidence that could lead a reasonable

4

factfinder to find that Moody's acted with a retaliatory animus, and not for its stated reasons.

We next turn to Clemens's claim that Moody's proration of his bonus interfered with his FMLA rights. To succeed on a claim of FMLA interference, a plaintiff must establish "1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." Graziadio, 817 F.3d at 424. The record evidence showed that Moody's prorates payments under the Plan based on the length of the employee's leave, regardless of the reason for the leave. Furthermore, while Clemens contends that his bonus was already "self-prorating" because a reduced work period would naturally yield fewer contribution units, under the specific circumstances of the case, we reject that argument. Because the undisputed evidence showed that Moody's neutrally applies its prorating policy to incentive payments under the Plan, as opposed to payments based on, for example, mere attendance, and there is nothing else to indicate a violation of the FMLA, we

agree with the District Court that Clemens could not prove that Moody's interfered with his FMLA rights. See Sommer v. Vanguard Grp., 461 F.3d 397, 405 (3d Cir. 2006).

With respect to Clemens's state law claims, the District Court exercised supplemental jurisdiction over those claims under 28 U.S.C. § 1367, but we are not able on review to determine its reasons for doing so. We vacate the District Court's decision as to these claims and remand to permit it to conduct an inquiry. If the District Court decides, after giving the parties notice and an opportunity to be heard, see Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 82–84 (2d Cir. 2018), to decline supplemental jurisdiction over those claims, it should dismiss them without prejudice "so that the state courts may adjudicate those claims in their entirety if the plaintiff chooses to pursue them in those courts." Giordano v. City of New York, 274 F.3d 740, 755 (2d Cir. 2001); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (directing district courts to consider "the values of judicial economy, convenience, fairness, and comity" to determine whether the exercise of supplemental jurisdiction is proper and stating that the usual rule is that when "all federal-law claims are eliminated

before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state law claims").

We have considered Clemens's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court